O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME ENGLER, AND ALL SIMILARLY SITUATED PERSONS ET AL., | Case No. CV12-1165 CBM (SPx) |
| Plaintiff (s), | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| RECONTRUST COMPANY, a Foreign Corporation, BAC HOME LOANS SERVICING, L.P., a Foreign Corporation, BANK OF AMERICA, N.A., a foreign Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC, AKA MERS, a Foreign Corporation, MERS CORP, A Foreign Corporation, AMERICAN FIRST REAL ESTATE SERVICES, Inc, A California Corporation, 43-126 Parkway Esplanade East, La Quinta, CA 92253, in rem property, | |
| ALL PERSONS KNOWN AND UNKNOWN CAUSE OF ACTIONING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN REAL PROPERTY DESCRIBED HEREIN | |
| ADVERS TO PLAINTIFFS TITLE OR ANY CLOUD ON PLAINTIFFS TITLE THERETO, REFERRED TO AS 43-126 Parkway Esplanade East, La Quinta, CA 92253, | |

1  Defendants.

2  PEOPLE OF CALIFORNIA, UNITED
   STATES OF AMERICA, RIVERSIDE
3  COUNTY, CALIFORNIA

4  Parties In Interest.

5

6       Before the Court is a Motion to Dismiss under Federal Rule of Civil

7  Procedure 12(b)(6) and Motion to Strike Punitive Damages filed by Defendants

8  ReconTrust N.A., Bank of America Corp., and Bank of America, N.A.

9  (collectively, "Defendants").  (Docket No. 39 ("Motion").)  Defendants have also

10 filed a Request for Judicial Notice ("RJN").  (Docket No. 40.)

11      Plaintiff is proceeding *pro se*.  The Court again advises Plaintiff that the

12 Central District of California offers Pro Se Clinics in Riverside, Santa Ana, and

13 Los Angeles to provide information and guidance to *pro se* litigants, such as

14 Plaintiff, who are not represented by counsel.  The Los Angeles Pro Se Clinic is

15 located in:

16      The United States Courthouse
        312 N. Spring Street, Room G-19, Main Street Floor
17      Los Angeles, CA 90012

18      The Los Angeles Pro Se Clinic is open on Mondays, Wednesdays, and

19 Fridays from 9:30 am - 12:00 pm and then from 2:00 pm - 4:00 pm.  Plaintiff can

20 find more information about all the Clinics, including hours and addresses, at

21 http://court.cacd.uscourts.gov/cacd/ProSe.nsf/.

22                    I.    JURISDICTION

23      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 2201.

24 This Court has supplemental jurisdiction over the state law causes of action

25 pursuant to 28 U.S.C. § 1367.

26           II.   PROCEDURAL AND FACTUAL OVERVIEW

27      This case is about a foreclosure of Plaintiff's property initiated by

28

                              2

Defendant ReconTrust N.A.  Defendants include Bank of America Corp. ("BAC"); ReconTrust, N.A. ("ReconTrust"); and Bank of America, N.A. ("BANA").  In 2007, Plaintiff decided to refinance a residence located at 126 Parkway Esplanade East, La Quinta, California (the "Property").  On June 21, 2007, Plaintiff signed a Deed of Trust (the "Note") to refinance the Property.  (SAC ¶ 16.)  The initial trustee on the Note was Chicago Title Company ("Chicago Title"), and the original beneficiary was Mortgage Electronic Registration Systems, Inc. ("MERS").  (RJN, Exh. A.)[1]

A nonjudicial foreclosure process began on March 24, 2011 when ReconTrust issued a "Notice of Default" document to inform Plaintiff that he was in default on his mortgage.  (RJN, Exh. D.)  On March 25, 2011, a "Substitution of Trustee" was recorded, which stated that MERS substituted ReconTrust as the trustee on the Note (replacing Chicago Title).  (RNJ, Exh. B.)  On the same day, a "Corporation Assignment of Deed of Trust" was recorded, which stated that MERS assigned its beneficial rights under the Note to BAC Home Loans Servicing, LP.  (RJN, Exh. C.)

Three months later, on June 24, 2011, a "Notice of Trustee's Sale" was recorded, which stated that the Property would be sold at auction in a July 20, 2011 foreclosure sale.  (RJN, Exh. E.)  At the sale, Defendant BANA purchased the Property.  (RJN, Exh. F.)

At some point between the time ReconTrust was substituted as the trustee (March 25, 2011) and the foreclosure sale (July 20, 2011), ReconTrust securitized Plaintiff's loan in connection with a mortgage loan trust called Countrywide

---

[1] Defendants seek judicial notice of six documents: the original "Deed of Trust," "Substitution of Trustee," "Corporation Assignment of Deed of Trust," "Notice of Default and Election to Sell Under Deed of Trust," "Notice of Trustee Sale," and "Trustee's Deed Upon Sale."  (RJN, Exhs. A-F.)  Each of the documents has been filed with the County of Riverside Office of the Assessor-County Clerk-Reporter.  Some of these documents were included or referenced in the SAC.  (See, e.g., RJN, Exhs. A, B, C.)  The court takes judicial notice of these documents because they are matters of public record.  FED. R. EVID. 201; Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  The Court's judicial notice does not mean that the Court accepts as proven fact that the various documents are legitimate or non-fraudulent.  See Lee, 250 F.3d at 689-90.

1   Alternative Loan Trust 2008-HY1.  (SAC ¶ 139.)

2         Plaintiff originally filed suit against Defendants BAC and MERS on June 6,

3   2012.  (Docket No. 1.)  On March 1, 2013, the Court dismissed Plaintiff's First

4   Amended Complaint with leave to amend.  (Docket No. 28.)  The operative

5   Complaint currently before the Court is Plaintiff's Second Amended Complaint

6   (the "SAC"), which alleges thirteen causes of action: (1) Declaratory Relief; (2)

7   Violation of RICO; (3) "Common Law Conspiracy;" (4) "Filing of Invalid Lien;"

8   (5) "Fraudulent Conveyance Deceptive Practices Code of Federal Regulations 17

9   CFR Parts 204-249;" (6) Fraudulent Concealment; (7) Fraudulent Inducement; (8)

10  Wrongful Foreclosure; (9) Violation of the Real Estate Settlement Procedures Act;

11  (10) Violation of the Fair Credit Reporting Act; (11) Violation of the Federal Fair

12  Debt Collection Practices; (12) Violation of the Truth in Lending Act; and (13)

13  Constructive Fraud.

14        On August 27, 2013, Defendants filed the instant Motion.  On September

15  30, 2013, Plaintiff filed his Opposition three weeks late.  (Docket No. 43.)  Under

16  the Local Rules, the Court may decline to consider any document that a party files

17  late.  C.D. Cal. R. 7-12.  The Court can also issue sanctions against Plaintiff for

18  late filing.  C.D. Cal. R. 7-13, 83-7.  Plaintiff is reminded that the Local Rules

19  apply to all litigants, including litigants like him who proceed *pro se* without a

20  lawyer.  Future rule violations may be met with sanctions.

21                        **III.  STANDARD OF LAW**

22        Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a

23  complaint for "failure to state a claim upon which relief can be granted."

24  Dismissal of a complaint can be based on either a lack of a cognizable legal theory

25  or the absence of sufficient facts alleged under a cognizable legal theory.  *Somers*

26  *v. Apple, Inc.*, 729 F.3d 953, 959-960 (9th Cir. 2013).  On a motion to dismiss for

27  failure to state a claim, the court accepts as true all well-pleaded allegations of

28  material fact and construes them in a light most favorable to the non-moving

1   party.  *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 922 (9th Cir. 2013).

2   To survive a motion to dismiss, the complaint "must contain sufficient factual

3   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

4   *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868

5   (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct.

6   1955, 1974, 167 L. Ed. 2d 929 (2007)).  A claim is facially plausible when the

7   plaintiff pleads factual content that allows the court to draw the reasonable

8   inference that the defendant is liable for the misconduct alleged.  *Salameh v.*

9   *Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013).  The plausibility standard

10  requires more than the sheer possibility or conceivability that a defendant has

11  acted unlawfully.  *Id*.  If a complaint cannot be cured by additional factual

12  allegations, dismissal without leave to amend is proper.  *Id*.

## IV.  DISCUSSION

14  Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth,

15  Eleventh, Twelfth, and Thirteenth Causes of Action are dismissed with prejudice.

16  Defendants' Motion to Dismiss Plaintiff's Eighth Cause of Action is denied.

17  Defendants' Motion to Strike Plaintiff's request for punitive damages is denied.

18  The only remaining cause of action in this case is the Eighth Cause of Action.

19  **A.     First Cause of Action: "Declaratory Relief – Fraudulent**

20  **Reconveyance"**

21  Plaintiff's first cause of action is styled as "Declaratory Relief Defendants

22  Made a Fraudulent Conveyance" under the Uniform Fraudulent Conveyance Act.

23  (SAC at 17; SAC ¶ 57.)  The Uniform Fraudulent Conveyance Act ("UCTA") has

24  been repealed and replaced by the Uniform Fraudulent Transfer Act ("UFTA").

25  *See* CAL. CIV. CODE § 3439 et seq.  UFTA applies to transfers on or after January

26  1, 1987.  CAL CIV. CODE § 3439.12.  Because the transfer challenged by Plaintiff

27  occurred after 1987, UFTA is the applicable law.  *Id*.

28  Plaintiff does not specifically allege which UCTA statute Defendants

1   violated.  To survive Defendants' Motion to Dismiss, the facts he alleges must

2   satisfy one of the UFTA causes of action.  There are three possibilities under

3   California Civil Code §§ 3439.04(a)(1), 3439.04(a)(2), and 3439.05.  Under these

4   statutes, a debtor's transfer is fraudulent as to a creditor if certain criteria are met.

5   *See* CAL. CIV. CODE §§ 3439.04(a)(1), 3439.04(a)(2), 3439.05.  These statutes

6   provide a cause of action for a creditor.  A creditor is a person who has a "right to

7   payment."  CAL. CIV. CODE § 3439.01(b), (c).  Here, Plaintiff has not alleged that

8   he has a right to payment that Defendants owe him, so he is not a creditor.

9   Accordingly, Plaintiff has not alleged facts satisfying the elements of either

10  fraudulent transfer cause of action.

11        Plaintiff's First Cause of Action is dismissed with prejudice.

12  **B.      Second Cause of Action: Violation of RICO by MERS.**

13        In its May 1, 2013 Order, the Court dismissed Plaintiff's RICO claim

14  without prejudice.  Plaintiff has again failed to plead facts satisfying the elements

15  of a RICO claim.

16        To state a claim under RICO, Plaintiff must plead facts satisfying five

17  elements: (1) the existence of an enterprise affecting interstate commerce, (2) that

18  Defendants were associated with or employed by the enterprise, (3) that

19  Defendants participated in the conduct of the affairs of the enterprise, (4) that

20  Defendants participated in a pattern of racketeering which included at least two

21  predicate acts; and (5) that Plaintiff incurred actual injury to business or property.

22  *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed.

23  2d 346 (1985).  Plaintiff fails to allege facts satisfying the fourth and fifth RICO

24  elements.

25        **1.      Predicate Acts**

26        Plaintiff alleges that Defendants committed mail and wire fraud each and

27  every time they mailed a document.  (SAC ¶¶ 70-71.)  RICO claims based on

28  predicate acts of mail and wire fraud must be dismissed where the alleged

6

predicate acts fail to state a claim for violation of the mail and wire fraud statutes. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (dismissing RICO claims because predicate acts of mail and wire fraud were not plead with specificity required by Rule 9(b)).  Claims about mail or wire fraud must satisfy Federal Rule of Civil Procedure 9(b), which requires fraud claims to "state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b); *Albright*, 862 F.2d at 1392.

Plaintiff has not identified a mail and wire fraud statute that has been violated or how the use of the mail was a racketeering activity.  Further, Plaintiff's generalized allegation that mail and wire fraud occurred each time a document was mailed or recorded does not satisfy Rule 9(b) because it does not state with particularity the actions that constitute mail and wire fraud.

### 2.    Actual Injury to Business or Property

Plaintiff alleges he suffered from mental and emotional anguish and distress because of the RICO violations.  (SAC ¶ 86.)  Plaintiff cannot collect damages for emotional distress under RICO, so this allegation fails as a matter of law.  *Berg v. First State Ins. Co.*, 915 F.2d 460, 464 (9th Cir. 1990).

Plaintiff's RICO theory focuses on MERS, the Mortgage Electronic Registration System, which Plaintiff believes is a racketeering enterprise.  To allege actual injury to business or property, Plaintiff must allege that the RICO activities carried out by MERS were a proximate cause of his injuries.  *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992).  Though Plaintiff alleges in conclusory fashion that as a result of the RICO violations he was damaged, he fails to allege any causal connection between MERS's activities and the loss of his home, good credit rating, and money.  (*See* SAC ¶¶ 86, 87, 91.)  Plaintiff's allegation that he is injured by the alleged scheme is merely a legal conclusion with no factual detail.

Plaintiff's Second Cause of Action is dismissed with prejudice.

**C.      Third Cause of Action: "Common Law Conspiracy"**

Plaintiff's Third Cause of Action is for "Common Law Conspiracy." Conspiracy is a legal doctrine imposing liability on persons who share a common plan to commit a tort, not an independent cause of action. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994). Plaintiff fails to allege any legal claim or elements in this cause of action.

Plaintiff's Third Cause of Action is dismissed with prejudice.

**D.      Fourth Cause of Action: "Filing an Invalid Lien"**

Plaintiff's Fourth Cause of Action, "Filing an Invalid Lien," is not a recognized cause of action under federal or California law. Moreover, the Court interprets this cause of action as challenging the original Note, which established the lien upon the Residence. Plaintiff does not allege any facts from which one could conclude that the original Note is fraudulent or violates a statute.

Plaintiff's Fourth Cause of Action is dismissed with prejudice.

**E.      Fifth Cause of Action: Fraudulent Conveyance Deceptive Practices: Code of Federal Regulation 17 CFR Parts 240-249**

Plaintiff's Fifth Cause of Action for "Fraudulent Conveyance Deceptive Practices: Code of Federal Regulation 17 CFR Parts 240-249" is not a cause of action that is supported by California or federal law. To the extent that Plaintiff's allegations challenge the assignment of the Note or the subsequent foreclosure sale on the ground that Defendants securitized his mortgage loan, this claim fails as a matter of law. California courts and federal courts have ruled that an assignment of a promissory note—such as the Note in this case—is not made invalid by the securitization of the promissory note. *See, e.g.*, *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 45-46 (2011) (affirming dismissal where the plaintiffs "alleged that their promissory note was 'sold and resold' on the secondary mortgage market, and that as a result, it had become difficult or impossible to ascertain the actual owner of the beneficial interest in the note"); *Toneman v. United States Bank*, No. CV 12-09369-MMM (MRWx), 2013

U.S. Dist. LEXIS 84240, at *25-31 (C.D. Cal. Feb. 22, 2013) (Morrow, J.) (rejecting plaintiff's challenge to a foreclosure based on the fact that the mortgage loan was securitized); *Boyter v. Wells Fargo Bank, N.A.*, No. C 11-03943 SI, 2012 WL 1144281, at *5 (N.D. Cal. April 4, 2012) (Illston, J.) (rejecting plaintiff's challenge to foreclosure sale based on the fact that the mortgage loan was securitized).

Plaintiff's Fifth Cause of Action is dismissed with prejudice.

## F.       Sixth and Seventh Causes of Action: Fraudulent Concealment Fraudulent Inducement

Plaintiff's Sixth Cause of Action, fraudulent concealment, and Seventh Cause of Action, fraudulent inducement, do not plead sufficient facts to satisfy the heighted pleading requirements for fraud claims. A plaintiff alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Additionally, where multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud. *Moore v. Kayport Package Express*, 885 F.2d 531, 540-41 (9th Cir. 1989).

### 1.       Sixth Cause of Action: Fraudulent Concealment

To allege a claim for fraudulent concealment under California law, Plaintiff must allege facts satisfying the following:

> (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.

*Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 850 (2009) (citation omitted); *Grant v. Aurora Loan Servs.*, 736 F. Supp. 2d 1257, 1272 (C.D.

1   Cal. 2010) (citations omitted).

2         In Plaintiff's Sixth Cause of Action, he makes general allegations as to how

3   the securitization of the loan injured him.  (*See* SAC ¶¶ 129, 132.)  Plaintiff's

4   generalized allegations do not satisfy the elements of a fraudulent concealment

5   claim.  *Kaldenbach*, 178 Cal. App. 4th at 850.  And, Plaintiff fails to clearly state

6   what actions each Defendant carried out, which is required to meet his pleading

7   burden for a fraud claim.  *Moore*, 885 F.2d at 540-41.

8         **2.     Seventh Cause of Action: Fraudulent Inducement**

9         For a party to successfully plead that he was fraudulently induced to enter a

10  contract, he must allege that he "knows what he is signing, but his consent is

11  induced by fraud, mutual assent is present, and a contract is formed, which by

12  reason of fraud, is voidable."  *Duffens v. Valenti*, 161 Cal. App. 4th 434, 449

13  (2008) (citation omitted); *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip.,*

14  *Inc.*, 868 F. Supp. 2d 983, 992 (E.D. Cal. 2012).

15        Here, the only agreement into which Plaintiff has entered was the original

16  Note.  (RJN, Exh. A.)  Plaintiff has not alleged fraudulent conduct by Defendants

17  that induced him to sign the Note.  Plaintiff's allegations here once again focus on

18  the securitization of the mortgage loan on the Property.  (*See, e.g.*, SAC ¶¶ 136,

19  137.)  These allegations fail to satisfy the elements of fraudulent inducement.

20  *Duffens*, 161 Cal. App. 4th at 449.  Furthermore, Plaintiff's allegations fail to meet

21  his pleading burden for a fraud claim because he does not identify the actions of

22  each Defendant.  *Moore*, 885 F.2d at 540-41.

23        Plaintiff's Sixth and Seventh Causes of Action are dismissed with prejudice.

24  **G.   Eighth Cause of Action:  Wrongful Foreclosure**

25        Plaintiff alleges that Defendants' nonjudicial foreclosure was invalid

26  because Defendants securitized the loan.  (SAC ¶¶ 138-150.)  As discussed above,

27  this claim fails as a matter of law because the securitization of a loan does not

28  preclude nonjudicial foreclosure.  *Robinson*, 199 Cal. App. 4th at 45-46.

Plaintiff also alleges that Defendants were not authorized to initiate a nonjudicial foreclosure because the Substitution of Trustee document (which is part of the chain of documents Defendants believe gave them the right to foreclose) was fraudulent.  (*See* SAC ¶¶ 22, 23, 56, 57.)  Specifically, Plaintiff alleges that the Substitution of Trustee document was signed by a ReconTrust employee named T. Sevillano on behalf of MERS (the original beneficiary) rather than a MERS employee.  (SAC ¶ 22; *see also* RJN, Exh. B.)

"The trustee under a trust deed upon real property . . . may be substituted by the recording . . . of a substitution executed and acknowledged by . . . *all of the beneficiaries* under the trust deed or their successors in interest."  CAL. CIV. CODE § 2934a(a)(1) (emphasis added); *see also* 10-25A CAL. LEGAL FORMS— TRANSACTION GUIDE § 25A.210(m).  Here, the beneficiary listed on the original Note was MERS.  (RJN, Exh. A.)  To comply with California Civil Code § 2934a(a)(1), MERS (or its agent) should have signed the Substitution of Trustee document as the beneficiary of the original Note.  Instead, a ReconTrust employee (Sevillano) signed the Substitution of Trustee document.  (RJN, Exh. B; SAC ¶ 22.)  Thus, Plaintiff makes a colorable allegation that the substitution document was executed in violation of California Civil Code § 2934a.

If a substitution of trustee is fraudulent, then a nonjudicial foreclosure sale based on that substitution is void.  *See Pro Value Props., Inc. v. Quality Loan Serv. Corp.*, 170 Cal. App. 4th 579, 583 (2009) (failure to comply with CAL. CIV. CODE § 2934a(a)(1) renders subsequent nonjudicial foreclosure sale void); *Miller v. Wells Fargo Bank*, No. C-12-2282 EMC, 2012 WL 1945498, at *2, 4 (N.D. Cal. May 30, 2012) (Chen, J.) (granting preliminary injunction preventing foreclosure sale because the plaintiff was likely to prevail on claim that foreclosure was improper due to fraudulent substitution of trustee);  *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 1100 (2013) (foreclosure sale is void if the foreclosing entity lacked the authority to foreclose on the property).

1  Courts have ruled that a plaintiff can state a wrongful foreclosure claim if
2  the defendants were not proper parties to foreclose in the first place due to
3  allegedly fraudulent assignments prior to the foreclosure sale. *See, e.g.*, *Ohlendorf*
4  *v. Am. Home Mortgage Servicing*, 279 F.R.D. 575, 582-83 (E.D. Cal. 2010); *see*
5  *also Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155
6  (2011) (allegation that wrong party initiated foreclosure places a case outside the
7  bar against legal challenges to a foreclosing entity's right to carry out nonjudicial
8  foreclose).

9  Defendants also argue that the tender rule applies because Plaintiff is
10  alleging an irregularity in the foreclosure sale process.  In general, tender is
11  required to set aside a foreclosure.  *United States Cold Storage v. Great Western*
12  *Savings & Loan Ass'n.*, 212 Cal. Rptr. 232, 238 (Ct. App. 1985).  Under this rule,
13  a defaulted borrower is required to allege that he can tender the amount due on his
14  loan in order to maintain any cause of action for irregularity in the sale.  *Abdallah*
15  *v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996).

16  Here, an exception to the tender rule applies.  Plaintiff is not required to
17  allege that he can tender because he alleges that the foreclosure sale is void
18  because Defendants' lacked the authority to foreclose due to a fraudulent
19  Substitution of Trustee document.  *See Glaski*, 218 Cal. App. 4th at 1100 ("Tender
20  is not required where the foreclosure sale is void . . . , such as when a plaintiff
21  proves that the entity lacked the authority to foreclose on the property."); *Lester v.*
22  *J.P. Morgan Chase Bank*, 926 F. Supp. 2d 1081, 1093 (N.D. Cal. 2013) ("where a
23  plaintiff alleges that the entity lacked authority to foreclose on the property, the
24  foreclosure sale would be void . . . .  The tender rule does not apply to a void . . .
25  foreclosure sale.") (citations omitted)).

26  Defendants' Motion to Dismiss Plaintiff's Eighth Cause of Action is denied.

27

28

**H.  Ninth Cause of Action:  "Failure to Notify of Transfer/Assignment" Under 12 U.S.C. § 2605**

Plaintiff's Ninth Cause of Action alleges a violation of the Real Estate Settlement Procedures Act ("RESPA") under 12 U.S.C. § 2605.  Plaintiff has not adequately alleged that he is entitled to damages.  Plaintiff only requests statutory damages of $2,000.  (*Id.* at ¶¶ 154-55.)  Statutory damages are available only when there has been a "pattern or practice of noncompliance" with RESPA.  12 U.S.C. § 2605(f)(1).  Plaintiff has not alleged there is a pattern or practice of noncompliance.  Indeed, he only alleges a single RESPA violation.  (*See* SAC ¶¶ 152-53.)   And, Plaintiff has not alleged any actual damages resulting from the RESPA violation.

Plaintiff's Ninth Cause of Action is dismissed with prejudice.[2]

**I.  Tenth Cause of Action: Fair Credit Reporting Act**

Plaintiff alleges that Defendants violated the Fair Credit Report Act ("FCRA").  Plaintiff's Tenth Cause of Action makes the non-specific allegation that Defendants violated the FCRA by reporting "false, negative information on Plaintiff's credit report . . . causing Plaintiff to suffer damages."  (SAC ¶ 156.)  Plaintiff does not cite any section of the FCRA, nor does he plead sufficient facts for a cause of action.  Plaintiff does not provide any facts as to what was falsely reported, what negative information was reported, or how that information caused damage to Plaintiff.  Plaintiff fails to allege more than a conclusory statement that Defendants violated the FCRA.  *Iqbal*, 129 S. Ct. at 1949.

Plaintiff's Tenth Cause of Action is dismissed with prejudice.

**J.  Eleventh Cause of Action: Fair Debt Collection Practices Act**

To state a cause of action under the Fair Debt Collection Practices Act ("FDCPA"), Plaintiff must allege that: (1) he is a consumer within the meaning of

---

[2] Contrary to Defendants' argument, RESPA § 2605 violations are subject to a three-year statute of limitations, not a one-year statute.  12 U.S.C. § 2614; *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 908 (C.D. Cal. 2009).

the FDCPA (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of the FDCPA and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o. *Gutierrez v. Wells Fargo Bank*, No. C 08-5586 SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009) (Illston, J.)

Plaintiff fails to allege facts satisfying the second element—*i.e.*, that the debt arises out of a transaction entered into for personal purposes. Plaintiff also fails to allege facts satisfying the fourth element—that Defendants violated a provision of the FDCPA.[3] Under § 1692g of the FDCPA, "[w]ithin five days of the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice" containing various information relating to the debt owed, including notice that the debtor can dispute the debt. 15 U.S.C. § 1692g. Plaintiff has merely alleged that "Defendant, as servicer for the owner, did not validate the subject debt." (SAC ¶ 159.) This is a conclusory legal statement that the Court does not accept as an allegation of fact. *Iqbal*, 556 U.S. at 678.

Plaintiff's Eleventh Cause of Action is dismissed with prejudice.[4]

## K.   Twelfth Cause of Action: Truth in Lending Act Violation Under 15 U.S.C. § 1641(g)

Plaintiff alleges violations of Truth in Lending Act ("TILA") under 15 U.S.C. § 1641(g). TILA § 1641(g) requires an assignee of a loan to notify the borrower in writing of the transfer within 30 days of the transfer. 15 U.S.C. § 1641(g). Causes of action brought under § 1641(g) have a statute of limitations of one year from the time Defendant fails to respond to the borrower's notice of rescission. 15 U.S.C. §§ 1640(a), (e).

---

[3] Plaintiff did not indicate the section of 15 U.S.C. § 1692 under which he is proceeding. However, based on Plaintiff's allegations, it is clear that Plaintiff was referring to § 1692g.
[4] Defendants argue they are not debt collectors within the meaning of the FDCPA. However, the June 24, 2011 Notice of Trustee's Sale, which Defendants have asked the Court to judicially notice, was signed by a ReconTrust employee and states, "ReconTrust Company, N.A. is a debt collector attempting to collect a debt." (RJN, Exh. E.)

1       Here, the latest date the statute of limitations could begin is on September 1,

2  2011, which is 30 days after August 2, 2011 when the last transfer at issue—the

3  Trustee's Deed Upon Sale (when BANA purchased the Property)—was signed.

4  (RJN, Exh. F.)  Therefore, the one year statute of limitations ran one year later, on

5  September 1, 2012.  Plaintiff did not file his SAC asserting this claim until July,

6  25, 2013.  Therefore, Plaintiff's TILA claim is time-barred.

7       Plaintiff's Twelfth Cause of Action is dismissed with prejudice.

8  **L.     Thirteenth Cause of Action: Constructive Fraud**

9       "The elements of a claim for breach of fiduciary duty are: (1) existence of a

10  fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately

11  caused by the breach."  *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (1995).

12  "Absent special circumstances, a loan transaction is at arms-length and there is no

13  fiduciary relationship between the borrower and lender."  *Oaks Mgmt. Corp. v.*

14  *Superior Court*, 145 Cal. App. 4th 453, 466 (2006).  A foreclosure trustee is not a

15  true trustee, and does not owe a fiduciary duty, but merely acts as an agent of the

16  beneficiary of the Note.  *Cisneros v. Instant Capital Funding Grp., Inc.*, 263

17  F.R.D. 595, 608 (E.D. Cal. 2009) (citing *Vournas v. Fidelity Nat'l Title Ins. Co.*,

18  86 Cal. Rptr. 2d 490 (Ct. App. 1999)).

19       Plaintiff's allegation that ReconTrust owes a duty of good faith and fair

20  dealing and a fiduciary duty to Plaintiff fails.  Even assuming ReconTrust was

21  validly substituted as the trustee on the Note, ReconTrust would only be a

22  foreclosure trustee and would not owe a fiduciary duty to Plaintiff.  *Id.*  Moreover,

23  Plaintiff does not make any specific allegation as to how Defendants breached a

24  duty of good faith and fair dealing.  (*See, e.g.*, SAC ¶ 166.)  Plaintiff has failed to

25  allege facts that would state a claim plausible on its face.  *Iqbal*, 556 U.S. at 678.

26       Plaintiff's Thirteenth Cause of Action is dismissed with prejudice.

27  **M.    Rule 12(f) Motion to Strike Plaintiff's Prayer for Punitive Damages**

28       Plaintiff has requested punitive damages.  Defendants argue the Plaintiff's

1  request for punitive damages should be stricken under Federal Rule of Civil

2  Procedure 12(f) because Plaintiff has not made sufficient allegations that

3  Defendants acted with malice, fraud, or oppression.  This is not persuasive.  The

4  wrongful foreclosure cause of action, which survives Defendants' Motion,

5  contains allegations of fraud.  Moreover, Rule 12(f) does not authorize what

6  Defendants request.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75

7  (9th Cir. 2010).  Defendants' Motion to Strike Plaintiff's prayer for relief for

8  punitive damages is denied.

9  ## V.   CONCLUSION

10       Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth,

11  Eleventh, Twelfth, and Thirteenth Causes of Action are dismissed with prejudice.

12  Defendants' Motion to Dismiss Plaintiff's Eighth Cause of Action is denied.

13  Defendants' Motion to Strike Plaintiff's request for punitive damages is denied.

14  Accordingly, the only cause of action remaining in Plaintiff's SAC is the Eighth

15  Cause of Action.

16

17       **IT IS SO ORDERED.**

18  DATED:  December 20, 2013    ____ _____ ____

19                      CONSUELO B. MARSHALL

20                      UNITED STATES DISTRICT JUDGE

16